UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Sylvester Tom Ceasar, | Crim. No.: 4:06-cr-01030-RBH-1 |
| | Civ. No.: 4:16-cv-01080-RBH |
| Petitioner, | |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

This matter is before the Court on Petitioner Sylvester Tom Ceasar's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* ECF No. 53. The Government has filed a motion to dismiss. *See* ECF No. 65. The Court denies Petitioner's § 2255 motion and grants the Government's motion to dismiss for the reasons herein.[1]

**Background**

In 2006, Petitioner pled guilty to possessing firearms and ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). *See* ECF Nos. 24, 27, & 28. Petitioner's presentence investigation report ("PSR") showed he had (1) a 1993 North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), (2) a 1983 South Carolina conviction for discharging a firearm into a dwelling, (3) 1984 and 1985 South Carolina convictions for failure to stop for a police vehicle/blue light, (4) a 1985 South Carolina conviction for voluntary manslaughter, (5) a 1985 South Carolina conviction for common law assault and battery with

---

[1] An evidentiary hearing is unnecessary because "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010).

1

intent to kill ("ABIK"), and (6) a 1998 South Carolina conviction for common law assault and battery of a high and aggravated nature ("ABHAN"). *See* ECF No. 46 at ¶¶ 22, 24–28. Based on these prior convictions, the Court sentenced Petitioner pursuant to the Armed Career Criminal Act[2] ("ACCA") to 300 months' imprisonment and five years' supervised release. *See* ECF Nos. 45, 47, & 50. Judgment was entered on August 20, 2007, *see* ECF No. 47, and Petitioner did not file a direct appeal.

On April 7, 2016, Petitioner (represented by counsel) filed the instant § 2255 motion.[3] *See* ECF No. 53. On June 5, 2017,[4] the Government filed a response in opposition and a motion to dismiss. *See* ECF No. 65. On June 13, 2017, Petitioner filed a response in opposition to the Government's motion to dismiss. *See* ECF No. 67.

## Legal Standard

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. For a court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Thomas*, 627 F.3d 534, 538 (4th Cir. 2010). The determination of whether to hold an evidentiary hearing ordinarily is left to the sound discretion of the

---

[2] 18 U.S.C. § 924(e).

[3] Petitioner did not file a prior § 2255 motion.

[4] This action was previously stayed (with the parties' consent) pending the Supreme Court's decision in *Voisine v. United States*, 136 S. Ct. 2272 (2016). *See* ECF Nos. 60 & 61.

district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970).

"The writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal. For this reason, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (internal quotation marks and citation omitted). "Even those nonconstitutional claims that could not have been asserted on direct appeal can be raised on collateral review only if the alleged error constituted a fundamental defect which inherently results in a complete miscarriage of justice[.]" *Id.* (internal quotation marks omitted).

## **Discussion**

Petitioner asserts he is entitled to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* ECF No. 53 at p. 4. Specifically, he argues his prior North Carolina and South Carolina convictions listed above no longer qualify as ACCA predicates in light of *Johnson*. *See* ECF No. 53-1. The Government contends Petitioner has at least three prior convictions that qualify as violent felonies under the ACCA's force clause.[5] *See* ECF No. 65.

The ACCA applies to violators of 18 U.S.C. § 922(g) who have at least three previous convictions for violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e)(1). In *Johnson*, the Supreme Court struck down as unconstitutionally vague the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), which defined "violent felony" to include a crime that "involves conduct that presents a serious potential risk of physical injury to

---

[5] The Government also argues Petitioner's claim is procedurally defaulted, but the Court need not reach that argument in light of its determination that Petitioner's ACCA sentence is proper. *See, e.g.*, *White v. United States*, No. 4:11-cr-02164-RBH, 2017 WL 4410253, at *2 (D.S.C. Oct. 4, 2017) (noting the Government's procedural default argument but not reaching it).

3

another." 135 S. Ct. at 2555–56, 2561–63. Following *Johnson*, an offense is a violent felony only if it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause") or "is burglary, arson, or extortion, [or] involves use of explosives" (the "enumerated offense clause"). 18 U.S.C. § 924(e)(2)(B).

As indicated above, Petitioner was sentenced under the ACCA based upon the following convictions: (1) North Carolina AWDWIKISI, (2) South Carolina discharging a firearm into a dwelling, (3) South Carolina failure to stop for a police vehicle/blue light (two offenses), (4) South Carolina voluntary manslaughter, (5) South Carolina common law ABIK, and (6) South Carolina common law ABHAN. After *Johnson*, however, Petitioner's prior South Carolina convictions for discharging a firearm into a dwelling, failure to stop for a police vehicle, and ABHAN no longer qualify as ACCA predicates because they do not fall within the force clause, the enumerated offense clause, or the now-void residual clause. *See United States v. Hemingway*, 734 F.3d 323, 338 (4th Cir. 2013) (holding South Carolina common law "ABHAN is not categorically an ACCA violent felony"); *United States v. Rivers*, 595 F.3d 558, 565 (4th Cir. 2010) (holding South Carolina failure to stop for a blue light "does not qualify as a predicate offense for purposes of the ACCA"); *Roberts v. United States*, No. 2:04-CR-295-PMD, 2017 WL 445538, at *2–3 (D.S.C. Feb. 2, 2017) (holding South Carolina discharging a firearm into a dwelling does not qualify as an ACCA predicate in light of *United States v. Parral-Dominguez*, 794 F.3d 440 (4th Cir. 2015), which addressed a similar North Carolina law).

However, as the Government correctly argues, Petitioner's remaining three prior convictions—North Carolina AWDWIKISI, South Carolina voluntary manslaughter, and South

4

Carolina common law ABIK[6]—do qualify as ACCA predicates.[7] The Fourth Circuit has specifically held that North Carolina AWDWIKISI and South Carolina common law ABIK are categorically violent felonies under the ACCA's force clause. *See United States v. Townsend*, 886 F.3d 441, 448 (4th Cir. 2018) (North Carolina AWDWIKISI); *United States v. Dinkins*, 714 F. App'x 240, 244 (4th Cir. 2017) (South Carolina common law ABIK). Moreover, this Court has specifically held that South Carolina voluntary manslaughter is categorically a violent felony under the ACCA's force clause. *See White v. United States*, No. 4:11-cr-02164-RBH, 2017 WL 4410253 (D.S.C. Oct. 4, 2017); *see also Williams v. United States*, No. 3:13-cr-01039-MBS, 2018 WL 806659 (D.S.C. Feb. 9, 2018) (citing *White*).[8] Thus, Petitioner is not entitled to relief under *Johnson* because he has at least three prior convictions

---

[6] The South Carolina legislature abolished common-law ABIK in 2010, *see* S.C. Code Ann. § 16–3–620 (1976), *repealed by* Act No. 273 § 7.A, at 13 (2010), but of course this case still requires the Court to consider Petitioner's common law ABIK conviction from 1985. *See, e.g.*, *Dinkins*, *infra* (examining the § 2255 petitioner's 2004 ABIK conviction).

[7] In his § 2255 motion, Petitioner makes the following statement regarding his South Carolina convictions for voluntary manslaughter and ABIK: "Movant received these convictions as part of the same incident and they should have only counted as one predicate offense for sentencing purposes." ECF No. 53-1 at p. 7. Petitioner's cryptic statement may be referring to the statutory language in the ACCA requiring that the "three previous convictions . . . for a violent felony . . . [be] **committed on occasions different from one another**." 18 U.S.C. § 924(e)(1) (emphasis added); *see United States v. Linney*, 819 F.3d 747, 751 (4th Cir. 2016) (listing the "five factors to determine whether predicate ACCA offenses were committed on different occasions"). However, Petitioner's § 2255 motion (which was filed by the same counsel who represented him at his sentencing in 2007) does not further elaborate upon this statement or cite any law in support; and in his response in opposition to the Government's motion to dismiss, Petitioner does not argue his voluntary manslaughter and ABIK convictions must be treated as one predicate offense. Moreover, the Court notes the PSR listed both convictions as qualifying ACCA predicates, *see* ECF No. 46-1 at p. 1, and Petitioner never previously objected that they could not both be counted.

[8] Notably, the Fourth Circuit recently held North Carolina voluntary manslaughter is categorically a violent felony under the ACCA's force clause. *See United States v. Smith*, 882 F.3d 460 (4th Cir. 2018). The definition of North Carolina voluntary manslaughter is substantially similar to that of South Carolina voluntary manslaughter. *Compare id.* at 463 ("Voluntary manslaughter in North Carolina is 'the unlawful killing of a human being without malice, express or implied, and without premeditation and deliberation.' *State v. McNeil*, 350 N.C. 657, 518 S.E.2d 486, 506 (1999) (quoting *State v. Rinck*, 303 N.C. 551, 280 S.E.2d 912, 923 (1981)). As the North Carolina Supreme Court has recognized, '[g]enerally, voluntary manslaughter occurs when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation . . . .' *State v. Barts*, 316 N.C. 666, 343 S.E.2d 828, 845 (1986)." (alteration in original)), *with State v. Niles*, 772 S.E.2d 877, 880 (S.C. 2015) ("Voluntary manslaughter [in South Carolina] is the intentional and unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation.").

5

for violent felonies supporting his ACCA enhancement. The Court will deny his § 2255 motion.

## Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, the Court **GRANTS** Respondent's Motion to Dismiss [ECF No. 65] and **DENIES AND DISMISSES WITH PREJUDICE** Petitioner's § 2255 motion [ECF No. 53]. The Court **DENIES** a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
June 15, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge